IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**TINA M. EMERSON**                                                                                   **PETITIONER**

v.                                              Civil No. 6:12-cv-6116

**RAY HOBBS, Director**                                                                       **RESPONDENT**
**Arkansas Dept. Of Corrections**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, TINA M. EMERSON, an inmate confined in the Arkansas Department of Corrections, filed this petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. The matter has been referred for findings of fact, conclusions of law and recommendations for the disposition of the case. Shortly after filing the Petition, Emerson filed a Motion for Preliminary Injunction. ECF No. 13. Respondent has now filed his response to this Motion. ECF No. 26.

**Discussion**:

In March 2010, Emerson was convicted of failure to register as a sex offender in the Circuit Court of Clark County Arkansas. She was sentenced to a term of six years imprisonment. In her Petition, Emerson challenges the underlying conviction and sentence. The instant Motion for Preliminary Injunction raises claims regarding the conditions of her confinement. Specifically, she alleges instances of excessive force, being forced to wear a "spit mask" and intentional interference with her ability to sleep.

Where an inmate seeks injunctive relief regarding "fact of his conviction or the duration of his sentence" then a petition pursuant to § 2254 is appropriate. *Nelson v. Campbell*, 541 U.S. 637, 643

(2004).[1]  However, where an inmate seeks injunctive relief to stop or prevent alleged unconstitutional conditions of confinement, these claims fall outside the "core" of *habeas corpus* and are not cognizable pursuant to § 2254.  *Id.*  These type of conditions of confinement claims must be brought pursuant to some other procedure, such as a civil rights action pursuant to 42 U.S.C. § 1983.  *Id.*  As the United States Court of Appeals for the Eighth Circuit explains:

> If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy. [Citation omitted] ... Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ.

*Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir.1996) (*per curiam*).

Here, Emerson's Petition challenges the fact and duration of her conviction and sentence.  The Respondent has been ordered to respond to the Petition and the Court will consider those claims in due course.  To the contrary, Emerson's Motion for Preliminary Injunction merely challenges her conditions of confinement.  Such claims are not proper in a *habeas corpus* proceeding and this Court lacks subject matter jurisdiction to entertain them in the context of this case.  *See Krueger* 77 F.3d at 1073.

**Recommendation**:

Accordingly, based on the foregoing, it is recommended the Petitioner's Motion for Preliminary Injunction (ECF No. 13) be **DENIED**.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely**

---

[1] *Habeas corpus* relief is generally available only for claims that directly challenge the fact or duration of a prisoner's confinement—not the conditions of his confinement. *See e.g. Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973); *Otey v. Hopkins*, 5 F.3d 1125, 1130–31 (8th Cir.1993), *cert. denied*, 512 U.S. 1246 (1994).

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

      **DATED** this **30th day of November 2012.**

                                                /s/ Barry A. Bryant
                                               HON. BARRY A. BRYANT
                                               U.S. MAGISTRATE JUDGE