IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**TINA M. EMERSON**                                                                                                   **PETITIONER**
**ADC # 710724**

v.                                            Case No. 6:12-cv-6116

**RAY HOBBS, Director**                                                                                         **RESPONDENT**
**Arkansas Dept. Of Corrections**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, TINA M. EMERSON, (hereinafter "Emerson") an inmate confined in the McPherson Unit of the Arkansas Department of Corrections, filed this petition for writ of *a habeas corpus* pursuant to 28 U.S.C. § 2254. The petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

**A. Procedural Background[1]:**

On March 11, 2010, Emerson was found guilty by the Circuit Court of Clark County, Arkansas of the offense of failure to register as a sex offender. The state court convicted her of two separate crimes of failure to register and sentenced her to 72 months imprisonment on each to be served concurrently with each other.[2] Emerson did not appeal this sentence to the state appellate courts. Emerson does state "I assumed she [defense counsel] would [appeal]" because the state court advised her at sentencing she had thirty days to notice such an appeal. *See* ECF No. 1 p. 4.[3] Further,

---

[1] The procedural background is taken from the Petition, Response to Petition, and the Court's Docket.

[2] *See* ECF No. 38-1 (Judgment and Commitment Order in Cause No. CR-2008-0042) and ECF No. 38-2 (Judgment and Commitment Order in Cause No. CR-2009-0046).

[3] References to this Court's docket shall be "ECF No. __."

-1-

there is no indication Emerson sought post-conviction relief in the state courts.

In the instant Petition, Emerson indicates she sought review of her conviction in this Court in *Emerson v. McCallum*, Cause No. 6:11-cv-6085. *See* ECF No. 1 p. 2. A review of the Court's docket in that case indicates that on November 15, 2011, Emerson sued Circuit Judge McCallum alleging various wrongs committed by the state judge during her criminal proceeding. This Court ultimately dismissed the Complaint in this case because of the judicial immunity of Judge McCallum. The case was dismissed with prejudice. Emerson appealed the dismissal, and the United States Court of Appeals for the Eighth Circuit summarily affirmed the dismissal on April 5, 2013.

**B. Other Litigation**:

Because Emerson has filed several lawsuits in this District as well as the Eastern District of Arkansas, some containing claims similar to those raised in the instant Petition, I will summarize those cases here.

*Tina Emerson v. State of Arkansas*, Cause No. 6:08-cv-6050 (W.D. Arkansas). In this case, Emerson claimed her constitutional rights were violated when she was arrested and charged with failing to register as a sex offender on March 10, 2008. She claimed her prior sex offense conviction was on appeal in Louisiana, and she was thus not required to register as a sex offender in Arkansas. She requested this Court declare the Arkansas sex offender registry invalid. This Court dismissed the case because the underlying state criminal case was pending. Emerson did not appeal.

*Tina Emerson v. Bernard Williams, et al*, Cause No. 1:12-cv-00129 (E.D. Arkansas). In this case, Emerson filed a claim against the various defendants pursuant to 42 U.S.C. § 1983, seeking damages for denial of medical care and for injunctive relief. This case remains pending in the Eastern District of Arkansas.

*Tina Emerson v. Ray Hobbs, et al*, Cause No. 5:12-cv-00449 (E.D. Arkansas). In this case,

Emerson filed suit alleging improper prison discipline imposed on her. The Court in the Eastern District of Arkansas dismissed that complaint without service of process. Emerson did not appeal.

*Tina Emerson v. Warden Maples et al*, Cause No. 1:12-cv-00033 (E.D. Arkansas). Emerson, in this litigation, claims the various defendants subjected her to poisonous fumes, from a gas powered generator, drifting through the vents in her prison cell. She also raised claims of excessive force by defendants when they extracted her from her cell, and states that the hand-cuffs, leg-irons, and spit mask which were applied caused her pain and difficulty in breathing. The district court then directed Emerson to more specifically plead her claims by identifying the specific acts of the various defendants. She failed to do so, and the case was dismissed for failure to state a claim. Emerson filed a notice of appeal, and the Eighth Circuit dismissed the appeal for failure to prosecute.

*Tina Emerson v. Ray Hobbs*, Cause No. 5:13-cv-00136 (E.D. Arkansas). In this *habeas* proceeding, Emerson raises some of the same claims made in the instant Petition as well as additional conditions of confinement claims. The case is still pending in the Eastern District of Arkansas.

*Tina Emerson v. State of Arkansas*, Cause No. 4:11-cv-00220 (E.D. Arkansas). In this case, Emerson claims the State of Arkansas violated her constitutional rights in enforcing a prison disciplinary proceeding against her. The case was dismissed. Emerson did not appeal.

Emerson also filed more than twenty pre-trial motions in the present case. All of which have been denied by this Court, except for her request to proceed *in forma pauperis*. All of these motions were filed prior to the time a Response was due in this matter. As a result, on November 27, 2012, this Court directed the Clerk to no longer accept pleading from Emerson until she was directed to file same by the Court. ECF No. 36.

C. <u>Current Petition</u>:

On October 2, 2012, Emerson filed the instant Petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 in this Court.  ECF No. 1.  Emerson makes the following claims here: (1) her trial counsel was ineffective for failing to prepare a proper defense and was allegedly too busy to work on her case; (2) her trial counsel was ineffective for failing to file a notice of direct appeal of her conviction; (3) the state trial court deprived her of due process by appointing a poor lawyer to defend her; and (4) the state improperly compared her original sex offense to the rape of a child.  The Respondent moves to dismiss the instant Petition as untimely or, alternatively, as procedurally defaulted. This matter is ready for decision.

D. <u>Discussion</u>:

    1. <u>One-year Statute of Limitations</u>:   On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law.  The law made several changes to the Federal *habeas corpus* statutes, including the addition of a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).  The AEPDA provides that the one-year limitations period shall run from the latest of four possible situations.  Section 2244(d)(1)(A) specifies that the limitations period shall run from the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review.  Section 2244(d)(1)(B) specifies that the limitations period shall run from the date an impediment to filing created by the State is removed. Section 2244(d)(1)(C) specifies that the limitations period shall run from the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  Section 2244(d)(1)(D) states that the limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been

discovered through the exercise of due diligence."

Section 2244(d)(2) also provides that the time during which a "properly filed application" for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  The United States Court of Appeals for the Eighth Circuit has also held that "the one-year period is equitably tolled when 'extraordinary circumstances' have made it impossible for the habeas petitioner to file a timely federal petition." *Gray v. Gammon*, 283 F.3d 917, 918 (8th Cir. 2002).

The relevant triggering date for the one-year statute of limitations in this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."   28 U.S.C. §2244(d)(1)(A).  The Eighth Circuit has held that running of the statute of limitations imposed by §2244(d)(1)(A) is triggered by:

> either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

*Nichols v. Bowersox*, 172 F.3d 1068, 1072 (8th Cir. 1999) (quoting *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998)).  The United States Supreme Court has recently addressed this provision as it relates to a state court conviction.

> For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires. We thus agree with the Court of Appeals that because Gonzalez did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.

*Gonzales v Thaler*, ___ U.S._____, 132 S.Ct. 641, 653-54 (2012).  In other words, where a state

prisoner does not seek a writ of *certiorari* to the United States Supreme Court, his conviction becomes final when the time for pursuing his state court direct appeal expires. In Arkansas, a defendant convicted of a criminal offense has thirty (30) days to file his notice of appeal. *See* ARK. R. APP. P.– CRIM. 2(a).

In this case, Emerson's conviction occurred on March 11, 2010. She had thirty days to file a notice of appeal with the state appellate courts. *See* ARK. R. APP. P.– CRIM. 2(a). Thus, her time to seek a direct appeal expired on April 11, 2010. Thereafter, she had one year in which to seek Federal *habeas corpus* relief. *See* 28 U.S.C. § 2244(d)(1). Her time for filing a petition in this Court pursuant to § 2254 thus expired on April 11, 2011. The instant Petition was filed on October 2, 2012, some 18 months after the expiration of the one-year statute of limitations.[4] Accordingly, the Petition is time-barred unless some tolling provision applies.

**2. Statutory Tolling of the One-Year Limitation Period**: Section 2244(d)(2) provides that the time during which a "properly filed application" for state post-conviction review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. The limitation period resumes when the mandate affirming the trial court's denial of post-conviction relief is issued by the state supreme court. *See Lawrence v. Florida*, 549 U.S. 327, 331 (2007).

In this case, Emerson did not file any state post-conviction pleading. Accordingly, § 2244(d)(2) is not applicable.

**3. Equitable Tolling of the One-Year Limitation Period**: While Emerson does not expressly raise the issue of equitable tolling of the one-year statute of limitations, the Court will address the issue. The United States Supreme court has held that the one-year statute of limitations

---

[4] Even if the Court applies the "Mailbox Rule" by finding Emerson's Petition was signed on September 24, 2012 and presumably placed in the mail on that date, the Petition is still untimely.

in § 2244(d) is subject to the doctrine of equitable tolling. *See Holland v Florida*, __ U.S. __, 130 S.Ct. 2549, 2560 (2010). However, equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. *See Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). *See, e.g., Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." (quoting *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003))). "'Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.' Equitable tolling is 'an exceedingly narrow window of relief.'" *Riddle v. Kemna,* 523 F.3d 850, 857 (8th Cir. 2008)(citations omitted).

Emerson discusses the timeliness of her Petition in her reply to the Response filed herein. ECF No. 42. She appears to allege the prison where she was incarcerated impeded her ability to file a Federal *habeas* petition. *See* ECF No. 42 p. 4-6. Emerson also appears to assert she sought Federal *habeas* relief from "another circuit directly linked to the case in controversy." *See* ECF No. 18 p. 2. She claims her counsel's errors prevented her from seeking Federal *habeas* relief but does not explain how exactly. *See* ECF No. 18 p. 1.

In fact, the record shows that at all times relevant to her state post-conviction proceeding Emerson was in control of the circumstances. She was aware of her conviction and sentence as she was there at the time of the sentencing. The trial court advised her she had thirty days to appeal.

Regarding her claim of lack of access to the Federal court or some state-imposed impediment to her filing petition or pleading in Federal court, Emerson's litigation history refutes this entirely. She has filed no less than seven (7) other separate matters in addition to the instant Petition. She has

filed Notices of Appeal in at least two of those cases. In at least one of those cases, she filed her original complaint on March 7, 2011, within the one-year limitations period for filing the instant Petition. *See Tina Emerson v. State of Arkansas*, Cause No. 4:11-cv-00220 (E.D. Arkansas). A review of the docket in that case shows that Emerson filed no less than sixteen (16) pleadings in one month from March 7, 2011 until April 11, 2011. A review of the other cases summarized above show that her filings in Federal court have continued unabated since at least March of 2011. This alone shows there was no state-imposed impediment to her proceeding in Federal court.

Accordingly, equitable tolling is inapplicable in this case.

**4. Exhaustion of State Remedies**: Section 2254 provides the mechanism for Emerson's claim for *habeas* relief. Section 2254 provides in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court *shall not be granted unless it appears that--*
>
> *(A) the applicant has exhausted the remedies available in the courts of the State*;

(Emphasis added). Further, as a matter of comity, the Federal courts should not review a claim of deprivation of constitutional rights by a state prisoner until the state courts have had an opportunity to review the claim and correct any constitutional error. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A claim is considered exhausted only when the petitioner has afforded the "highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993). A Federal *habeas* petitioner may proceed without having exhausted state remedies only if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b) (1) (B).

In this case, Emerson failed to pursue a direct appeal. She likewise failed to pursue any form

of state post-conviction relief. She afforded the State of Arkansas no opportunity to review and possibly correct any alleged error of law or fact. She has clearly not exhausted her state court remedies. Further, state law rules now prevent her from pursuing any such remedies, and she has thus denied the state courts even the opportunity to review her claims. Section 2254(b) requires such exhaustion prior to a Federal proceeding for writ of *habeas corpus*. Emerson has failed to do this.

**5. Cause and Prejudice**: Because Emerson's claims would now be barred by a state procedural rule, she must show cause and prejudice or demonstrate a fundamental miscarriage of justice in order to proceed in Federal court on this *habeas corpus* petition. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). She has wholly failed to allege any facts which might be construed as cause for her failure to even attempt to present her claims to the state courts.

Emerson states her lawyer failed to file a direct appeal. To the extent this is a claim of cause for her procedural fault, she does not explain why no petition for post-conviction relief was filed in state court. Emerson could certainly have filed such a petition and alleged counsel's failure to file a notice of appeal, one of her claims here. In some cases, ineffective assistance of counsel may be cause excusing a procedural default. *See Williams v. Kemna*, 311 F.3d 895, 897 (8th Cir. 2002). However, in order to urge ineffective assistance as cause excusing a procedural default, the Federal *habeas* petitioner must have properly raised the ineffectiveness claim in state court. *See id.* (citing *Edwards v. Carpenter*, 529 U.S. 446, 450-53 (2000)). Emeson cannot establish "cause" for her procedural default in this manner.[5]

**6. Actual Innocence**: A Federal *habeas* petitioner who has procedurally default may be able to proceed if he or she establishes (1) new and reliable evidence that was not presented to the

---

[5]Because Emerson has failed to establish "cause" for her procedural default, the Court need not examine whether she was prejudiced by the default.

state courts, and (2) that in light of the new evidence, it is more likely than not that no reasonable juror would have convicted him.  *See Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997). This exception should only be applied in an "extraordinary case." *Id*.

Here, Petitioner alleges no new evidence regarding her actual innocence.  She simply contends the underlying Louisiana sex offense conviction is in someway invalid.   She makes no allegation that any new evidence would likely result in a finding of not guilty were this case remanded for a trial on the merits.   Petitioner has wholly failed to show that a fundamental miscarriage of justice will occur absent this Court granting her *habeas corpus* petition.

**E.  Conclusion**:

Emerson failed to timely file the instant Petition and seek Federal *habeas* relief.  She also failed to adequately exhaust her state court remedies.  Either of these is fatal to her request for relief. The Petition filed herein should be denied and dismissed with prejudice.

**F.  Recommendation**:

Accordingly, based on the foregoing, it is recommended that the instant Petition be denied with prejudice.[6]    Further, there has been no substantial showing of the denial of a constitutional right by Emerson and thus no certificate of appealability should  be granted.  *See* 28 U.S.C. § 2253(c).

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are**

---

[6] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316, 1318-19 (8th Cir.1984)*.

**reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See  Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**DATED** this **22nd day of August 2013.**

                                                            /s/ Barry A. Bryant
                                                           HON. BARRY A. BRYANT
                                                           U.S. MAGISTRATE JUDGE